Vernon COX, Plaintiff,

v.

Donald E. SHEPHERD, Pete Hernandez, and Elliott Berke, Defendants.

Civ. No. 1150–61.

United States District Court
S. D. California,
Central Division.

Nov. 15, 1961.

Tony Geram, Fontana, Cal., for plaintiff.

Kirtland & Packard, by Wallace C. Reed, Los Angeles, Cal., for defendants.

THURMOND CLARKE, District Judge.

This matter is before the court for consideration of motions of defendants to dismiss, for separate statement and for more definite statement. The court concludes that, as presently phrased, the complaint herein fails to state a claim upon which relief may be granted, but will grant plaintiff leave to amend since amendment may possibly cure the defective pleading. Defendants' motion for separate statement will be denied and defendants' motion for more definite statement, being moot, will similarly be denied.

The complaint is for damages for purported violations of plaintiff's civil rights, in contravention of 42 U.S.C.A. § 1983, and jurisdiction is claimed on the basis of that statute and 28 U.S.C. § 1343(3) and (4).

The complaint alleges the following circumstances: That defendants, Deputy Sheriffs in the Sheriff's Department of San Bernardino County, acting under color of their authority as such, entered plaintiff's residence and observed four photographs owned by plaintiff. That defendants removed the photographs from the wall, tearing them in the process, and apparently removed them from the premises. That defendants stated that their reason for such action was that the photographs in question were obscene and their possession illegal. That the photographs were not obscene, that this was later admitted by defendants and that the photographs were later returned to plaintiff in their damaged condition. That the aforesaid acts were in excess of defendants' authority as police officers. That defendants' acts violated plaintiff's right to privacy, constituted an unreasonable search and seizure prohibited by the United States Constitution and the Federal Civil Rights Act, and was a deprivation of plaintiff's property without due process of law. Finally, the complaint alleges that defendants' acts were intentional and malicious, with knowledge that they exceeded their authority and deprived plaintiff of his constitutional rights.

Defendants' motion to dismiss is based on two grounds: (1) that the court does not have jurisdiction over the subject matter of this action; and (2) that the

complaint fails to state a claim upon which relief can be granted.

## I. The Court Has Jurisdiction Over the Subject Matter of This Action.

42 U.S.C.A. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

28 U.S.C. § 1343(3) and (4) grants original jurisdiction to federal district courts over civil suits, authorized by statute, to redress deprivations of civil rights, recover damages or secure other relief therefor.

■ The complaint herein states that the defendants acted under color of their authority as state police officers. It further alleges that plaintiff, a citizen, was deprived of his constitutional rights by means of defendants' actions which constituted an unreasonable search and seizure and a deprivation of property without due process of law.

■■ Under the rule enunciated by the United States Supreme Court in the very recent case of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the court clearly has jurisdiction over the subject matter of this type of action, and contrary suggestions in Mackey v. Chandler, 152 F.Supp. 579 (D.C.W.D.S.C.1957), are superseded. In Monroe v. Pape, supra, the court was unanimous in its conclusions (a) that 42 U.S.C.A. § 1983 provides a remedy for deprivations, under color of state law, of rights guaranteed by the due process clause of the Fourteenth Amendment, and (b) that the guarantee against unreasonable searches and seizures contained in the Fourth Amendment has been made applicable to the states by reason of the due process clause of the Fourteenth Amendment. (365 U.S., at 170–171, 205–211, 81 S.Ct. 473, 5 L.Ed. 2d 492.) Further, despite a vigorous dissent by Mr. Justice Frankfurter (365 U.S. 202 et seq., 81 S.Ct. 473), the majority of the court in Monroe v. Pape, supra, reaffirmed the position taken in United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368, Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, and Williams v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774, that the "under color of" clause found in several of the Civil Rights statutes does not require action taken pursuant to state law or expressly authorized by state law; rather, "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." (United States v. Classic, supra, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368.)

Hence, it may now be regarded as settled that an unreasonable search and seizure made by state police officers, acting under color of their authority as such, is actionable under 42 U.S.C.A. § 1983, and jurisdiction follows from 28 U.S.C. § 1343(3) and (4).

## II. The Complaint Herein Presently Fails to State a Claim Upon Which Relief Can Be Granted.

■ The facts, as distinguished from legal conclusions, stated in plaintiff's complaint clearly fall far short of asserting a claim for relief under 42 U.S.C.A. § 1983 (cf. the specific allegations contained in the complaint in Monroe v. Pape, supra, 365 U.S. 167, 169, 203–204, 81 S.Ct. 473, 5 L.Ed.2d 486). The actual facts alleged are that police officers, acting under state authority, entered plaintiff's premises and removed and damaged certain photographs on the ground that they were obscene, which ground was later admitted to be unfounded. The remaining allegations, to the effect that defendants exceeded their authority, violated plaintiff's constitutional rights by unreason-

ably searching his premises and seizing and destroying his property without due process of law, and acted intentionally and maliciously, are patently conclusory in nature. For all that appears, defendants entered pursuant to a valid search warrant and with ample statutory authority, conducted a search and removed property incident thereto, damaged it accidentally, later discovered the possession of the property was not illegal and returned it. There are no facts alleged to indicate that defendants did not at all times act in good faith and that the erroneous conclusion as to the obscene nature of the photographs was not the result of an honest mistake.

The court is cognizant of the fact that, generally speaking, in actions of this nature highly specific factual allegations are required to defeat a motion to dismiss (see, e. g., Agnew v. City of Compton, 239 F.2d 226, 231 (9 Cir. 1956) ). Nevertheless, the court is loath to deny plaintiff his day in court if he is able to amend his complaint to cure the defects therein. With this in mind, the court will give plaintiff leave to amend his complaint, within ten days, cautioning him to state with particularity the facts on which his claim is based, including, but not limited to, the following: whether defendants' entry into plaintiff's residence was pursuant to warrant and/or justified by statute; whether plaintiff consented to the entry; in what respect defendants violated plaintiff's privacy; in what respect the search and seizure was unreasonable and unconstitutional; in what manner defendants exceeded their authority; in what manner defendants' conduct was malicious, oppressive and intentionally or knowingly violative of plaintiff's rights; and on what date the alleged incident occurred.

It is now therefore ordered that defendants' motion to dismiss is hereby granted, with leave to plaintiff to amend the complaint within ten days of the date of this order.

It is further ordered that defendants' motion for separate statement is hereby denied.

It is further ordered that defendants' motion for more definite statement is hereby denied.

It is further ordered that the Clerk shall this day serve copies of this opinion and order by United States mail upon the attorneys for the parties appearing in this cause.