Nelson SELICO and Joe Franklin Simpson, Plaintiffs,

v.

Clarence W. JACKSON and Frank A. Evans, Jr., Defendants.

Civ. No. 988–61–TC.

United States District Court
S. D. California,
Central Division.

Jan. 23, 1962.

**476**

Garcia & Garcia, Los Angeles, Cal., for plaintiffs.

Roger Arnebergh, City Atty., by Arthur Y. Honda, Deputy City Atty., Los Angeles, for defendant Frank A. Evans, Jr.

THURMOND CLARKE, District Judge.

This matter is before the court on motion of defendant Frank A. Evans, Jr. to dismiss the complaint on file herein. The motion will be denied on the ground that the court has jurisdiction of this action under 42 U.S.C.A. § 1983 and 28 U.S.C. §§ 1331 and 1343, that the complaint states a claim for relief under 42 U.S.C.A. § 1983 and that said moving defendant is not immune from suit in the circumstances here presented.

In brief, the complaint alleges as follows: That defendants were duly appointed police officers of the Police Department of the City of Los Angeles, acting in such capacity and under color of state, county and city laws in connection with the events complained of. That plaintiffs were wrongfully arrested, without warrant or other authority of law, at a time when they were acting in a law-abiding manner, that they had committed no offense and that defendants had no reasonable cause to believe that they had. That

subsequently plaintiffs were unlawfully and illegally detained and confined, and maliciously, wantonly and unlawfully assaulted and beaten by defendants, causing them to suffer physical injuries. The prayer is for special, general and punitive damages.

Jurisdiction is alleged to exist under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C.A. §§ 1983, 1985 and 1986, and the Fourteenth Amendment to the United States Constitution. Defendant's motion to dismiss is based on the grounds that this court lacks jurisdiction over the subject matter of the complaint, that no claim upon which relief might be granted is presented and that this defendant is immune from civil suit.

I. NO FEDERAL QUESTION IS PRESENTED, AND NO CLAIM FOR RELIEF STATED, UNDER 42 U.S.C.A. §§ 1985 AND 1986.

The moving defendant is clearly correct in his contention that this action is not properly maintainable under 42 U.S.C.A. §§ 1985 and 1986. Section 1986 presupposes a claim under Section 1985. Under 42 U.S.C.A. § 1985(3), plaintiffs must allege a conspiracy for the purpose of depriving them of equal protection of the laws or equal privileges and immunities under the laws, followed by an overt act effectuating the object of the conspiracy. In the case at bar, plaintiffs have in no manner suggested the existence of any conspiracy of any type whatsoever. In addition, however heinous may have been the actions of defendants, there is no suggestion of any purposeful discrimination which is an essential element of a denial of equal protection of the laws; nor is the right to be free from unlawful arrests, detentions and beatings by state police officers a right pertaining to national, as opposed to state, citizenship. (For a discussion of the limitations placed upon actions maintained under 42 U.S.C.A. § 1985(3), see Koch v. Zuieback, 194 F.Supp. 651, 658 et seq. (D.C.S.D.Cal. 1961) and cases cited therein; Collins v. Hardyman, 341 U.S. 651, 660 et seq., 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Snowden v. Hughes, 321 U.S. 1, 6 et seq., 64 S.

Ct. 397, 88 L.Ed. 497 (1944); Watkins v. Oaklawn Jockey Club, 86 F.Supp. 1006, 1016 (D.C.W.D.Ark.1949), aff'd 183 F.2d 440 (8 Cir. 1950).)

## II. A CLAIM UPON WHICH RELIEF MIGHT BE GRANTED IS PRESENTED UNDER 42 U.S.C.A. § 1983 AND THE COURT HAS JURISDICTION OVER THE SUBJECT MATTER OF THIS ACTION UNDER THAT STATUTE AND 28 U.S.C. §§ 1331 AND 1343.

The statutory prerequisites to liability under 42 U.S.C.A. § 1983 are: (1) that the defendant act "under color of" state or local law, and (2) that the plaintiff be subjected to a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws". Clearly, the complaint in the case at bar alleges facts indicating the fulfillment of both of the above conditions.

Paragraphs 3 through 5 of plaintiffs' first amended complaint allege that both defendants were "duly appointed, qualified and acting police officers of the Police Department of the City of Los Angeles", that they were assigned to, and acting under orders of, the Wilshire Station Patrol Division and, therefore, that they acted under color of the statutes, ordinances, regulations, customs and usages of the State of California, County of Los Angeles and City of Los Angeles. It is clear that city and state police officials acting as such, act "under color of" state law within the meaning of 42 U.S.C.A. § 1983, regardless of whether or not the particular acts committed are taken pursuant to state law or expressly authorized by state law; "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." (United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); Monroe v. Pape, 365 U.S. 167, 172 et seq., 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Cox v. Shepherd, 199 F.Supp. 140 (D.C.S.D. Cal. November 15, 1961), and cases therein cited.)

Plaintiffs' complaint further alleges that plaintiffs were wrongfully arrested by defendants, without warrant and without probable cause; that they were wrongfully and illegally detained at the Wilshire Police Station; and that they were maliciously and unlawfully assaulted and beaten by defendants, resulting in severe bodily injury. It is axiomatic that the due process clause of the Fourteenth Amendment precludes state action of this nature and that plaintiffs' contentions, if sustained by the evidence, would invalidate any confession or conviction resulting from such treatment. (Jennings v. Illinois, 342 U.S. 104, 72 S.Ct. 123, 96 L.Ed. 119 (1951); Williams v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951). (And it is now well settled that 42 U.S.C.A. § 1983 provides for civil liability in cases involving deprivations, under color of state law, of rights guaranteed by the due process clause of the Fourteenth Amendment. (Monroe v. Pape, supra, 365 U.S. 167, 171, 205–206, 81 S.Ct. 473 (1961); Hardwick v. Hurley, 289 F.2d 529, 530 (7 Cir. 1961); Cox v. Shepherd, supra, 199 F.Supp. 140 (D.C. S.D.Cal. November 15, 1961).)

Defendant Evans seeks to avoid the liability imposed by 42 U.S.C.A. § 1983 by reading into that statute a requirement that plaintiffs allege a conspiracy and overt acts taken in furtherance of that conspiracy. While conspiracy is an element of a claim under 42 U.S.C.A. § 1985(3), there is no suggestion whatsoever in § 1983 that a conspiracy is required. Neither does any reported case impose such a condition to liability; remarks in Hoffman v. Halden, 268 F.2d 280, 292 et seq. (9 Cir. 1959), regarding actions for civil conspiracy to violate 42 U.S.C.A. § 1983, are to the effect that such a conspiracy *may* be the basis for a claim under that statute, and not that it *must* be.

Further, the moving defendant contends that no claim for relief is stated under 42 U.S.C.A. § 1983 without an allegation of an intentional or purposeful discrimination and a specific intent to deprive plaintiffs of their constitutional

rights. While a purposeful discrimination is essential to a claim based upon a denial of *equal* protection of the laws (see, e. g., Collins v. Hardyman, supra, 341 U.S. 651, 660 et seq., 71 S.Ct. 937, 95 L.Ed. 1253 (1951)), where a denial of due process of law is involved, allegations regarding the treatment of other persons in similar situations appear to be completely superfluous (see, e. g., Monroe v. Pape, supra, 365 U.S. 167, 169, 203–204, 81 S.Ct. 473 (1961)). Although a specific intent to violate a plaintiff's constitutional rights must be shown in cases arising under the criminal civil rights statutes (18 U.S.C. §§ 241, 242), 42 U.S.C.A. § 1983 contains no requirement that a defendant act "wilfully" and, as a statute providing for civil rather than criminal liability, "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions". (Monroe v. Pape, supra, 365 U.S. 167, 187, 81 S.Ct. 484 (1961).) It may now be regarded as established that a specific intent to deprive plaintiffs of their constitutional rights is not a prerequisite to liability under 42 U.S.C.A. § 1983 (Monroe v. Pape, supra, at 187, 206 et seq., 81 S.Ct. 473).

■ The court is cognizant of the fact that not every case involving a wrongful arrest gives rise to a federal right of action against the arresting officers and that state police officials must be protected from tort actions based upon honest misunderstandings of statutory authority and mere errors of judgment. (See Agnew v. City of Compton, 239 F.2d 226, 231 (9 Cir. 1956).) Further the court believes that such officials should not be subjected to the inconvenience and unpleasantness of a civil suit on the basis of vague allegations of "wilfulness", "malice", "wantonness" and "illegality" inserted in the pleadings. (Agnew v. City of Compton, supra.) However, where, as in the case at bar, facts are alleged which indicate not only an illegal and unreasonable arrest and an illegal detention, but also unprovoked physical violence exerted upon the persons of the plaintiffs, it cannot seriously be urged that defendant acted as a result of error or honest misunderstanding. Under such circumstances, a complaint for damages based upon 42 U.S.C.A. § 1983 is sufficient. (See, also, Hoffman v. Halden, supra, 268 F.2d 280 (9 Cir. 1959); Hardwick v. Hurley, supra, 289 F.2d 529 (7 Cir. 1961); Jackson v. Duke, 259 F.2d 3 (5 Cir. 1958); Coleman v. Johnston, 247 F.2d 273 (7 Cir. 1957); Lewis v. Brautigam, 227 F.2d 124, 55 A.L.R.2d 505 (5 Cir. 1955); Davis v. Turner, 197 F.2d 847 (5 Cir. 1952); McCollum v. Mayfield, 130 F.Supp. 112 (D.C.N.D.Cal. 1955); Gordon v. Garrson, 77 F.Supp. 477 (D.C.E.D.Ill.1948); Refoule v. Ellis, 74 F.Supp. 336 (D.C.N.D.Ga.1947).)

## III. DEFENDANT EVANS IS NOT IMMUNE FROM SUIT.

■■ It is well settled that a public official is immune from civil suit based upon discretionary acts performed within the scope of his authority, regardless of the motives with which he performs his duties, and this immunity is not abrogated by the Civil Rights statutes. (Koch v. Zuieback, supra, 194 F.Supp. 651, 659 (D.C.S.D.Cal.1961), and cases cited therein.) However, where an act is outside the scope of the official's powers and beyond his authority, he is of course liable for the consequences of his actions. (Barr v. Matteo, 360 U.S. 564, 569, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Spalding v. Vilas, 161 U.S. 483, 498, 16 S.Ct. 631, 40 L.Ed. 780 (1896); O'Campo v. Hardisty, 262 F.2d 621, 624–625 (9 Cir. 1958); Gregoire v. Biddle, 177 F.2d 579, 580–581 (2 Cir. 1949); Gibson v. Reynolds, 172 F.2d 95, 97 (8 Cir. 1949), cert. den. 337 U.S. 925, 69 S.Ct. 1170, 93 L.Ed. 1733; Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 137 et seq., 118 A.L.R. 1440 (D.C.Cir. 1938), cert. den. 305 U.S. 642, 59 S.Ct. 146, 83 L.Ed. 414.) In the case at bar, the complaint alleges not only that plaintiffs were arrested and detained, acts which, although perhaps later discovered to have been illegal and improper, were at least arguably within the scope of

defendant's authority as a police officer, but further that they were assaulted, beaten and physically injured at a time when they had not attacked or threatened to attack defendant, resisted or threatened to resist arrest, or attempted to escape. Under such circumstances, it appears that the moving defendant exceeded his powers and acted outside the scope of his authority and he is therefore not immune from civil liability.

IT IS NOW THEREFORE ORDERED that the motion of defendant Frank A. Evans, Jr. to dismiss the complaint herein is hereby denied.

IT IS FURTHER ORDERED that the Clerk shall this day serve copies of this Memorandum Opinion and Order by United States mail upon the attorneys for the parties appearing in this cause.