Jerome DALY, Plaintiff,

v.

Paul R. PEDERSEN, Thomas Collins, City of Bloomington, and Donald J. Omodt, Hennepin County Sheriff, Defendants.

No. 4–67 Civ. 168.

United States District Court
D. Minnesota,
Fourth Division.

Dec. 21, 1967.

Jerome Daly, pro se.

John G. Pidgeon, Bloomington, Minn., for defendants Paul R. Pedersen and the City of Bloomington.

No appearance at hearing for defendants Thomas Collins and Donald J. Omodt.

## DECISION

NEVILLE, District Judge.

The plaintiff, Jerome Daly, brings this action pursuant to the Civil Rights Act, 42 U.S.C. §§ 1981–1986, naming as defendants the City of Bloomington, Minnesota, Paul R. Pedersen, a police officer

thereof and Thomas Collins and Donald J. Omodt, members of the Hennepin County, Minnesota, Sheriff's Office. Federal jurisdiction is premised under 28 U.S.C. § 1343.

The defendants Collins and Omodt have answered the plaintiff's complaint. Defendants Paul R. Pedersen and the City of Bloomington have not answered but have moved to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted and alternatively have moved for a more definite statement and further to strike one phrase from the complaint as immaterial, impertinent and scandalous.

As alleged in the complaint, it appears that on May 1, 1967, the plaintiff, a licensed attorney, was present in the City of Bloomington Courthouse representing a client in a matter before the Hennepin County Municipal Court. The plaintiff alleges that he then and there was unlawfully and maliciously arrested without a warrant or without probable cause for his alleged failure to honor traffic tickets, said arrest being in contravention of federal constitutional rights guaranteed by the Fourteenth Amendment. Plaintiff contends the defendants conspired with each other to bring about this unlawful result. Additionally, the plaintiff contends that he was not presented to the nearest magistrate, who was standing but ten feet away from the place of arrest; that he was assaulted during perpetration of the arrest and suffered the aggravation of a prior surgical operation; and that he was held unlawfully in custody for four and one-half hours prior to his release.

Finally, the plaintiff challenges the City of Bloomington parking ticket practice as a scheme of extortion practiced illegally upon innocent citizens. Said extortion allegedly is part of an illegal conspiracy to extort monies, of which conspiracy the plaintiff is a victim. His arrest and detention are said to be overt acts in furtherance of this conspiracy depriving him of rights secured by the Fourteenth Amendment. The foregoing is the essence of plaintiff's contentions.

█ The rule is well established that under the Civil Rights Act, 42 U.S.C. §§ 1981–1986, a claim does not lie against a municipal corporation. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961); Spiesel v. City of New York, 239 F.Supp. 106 (S.D.N.Y.1964), aff'd, 342 F.2d 800 (2d Cir. 1965); O'Connor v. City of Minneapolis, 182 F. Supp. 494 (D.Minn.1960); Note, The Civil Rights Act of 1871: Continuing Vitality, 40 Notre Dame Law. 70, 75–76 (1966). Thus the plaintiff is barred to the extent that he seeks recovery from the City of Bloomington and a dismissal of the complaint as to the City of Bloomington should be granted.

The claim against the defendant Pedersen presents different issues. The plaintiff alleges a claim based upon 42 U.S.C. §§ 1981–1986 of the Civil Rights Act. Except for §§ 1983[1] and 1985(3)[2], the provisions invoked by the plaintiff are clearly inapplicable to the instant facts.

1. 42 U.S.C. § 1983, provides as follows:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 42 U.S.C. § 1985(3), provides as follows:
 If two or more persons in any State or Territory conspire * * * for the purpose of depriving, either directly or in-

directly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws * * *; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

Therefore only these two relevant sections require consideration here.

Section 1983 provides a cause of action against individuals acting under color of state authority to deprive a citizen of federally protected civil rights secured by the Fourteenth Amendment. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961); Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959). Section 1983 is broader than § 1985(3) in that a conspiracy is not needed to state a claim under § 1983 and its purview encompasses denials of due process as well as deprivation of equal protection of the law and equal privileges and immunities under the law whereas § 1985(3) contemplates only the latter two. Hoffman v. Halden, 268 F.2d 280, 293–294 (9th Cir. 1959). The difficult problems arising under these sections lie in determining whether the defendants have violated federally protected rights. When the allegedly unconstitutional activity consists of an illegal arrest, battery or confinement, the courts have experienced some difficulty in determining the limits of Fourteenth Amendment protection. See Beauregard v. Wingard, 362 F.2d 901, 903 (9th Cir. 1966).

■ As a general rule an arrest, lacking an appropriate warrant or without probable cause, constitutes a violation of due process giving rise to a claim under § 1983. See Lucero v. Donovan, 354 F.2d 16 (9th Cir. 1965); Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965); Anderson v. Haas, 341 F.2d 497 (3d Cir. 1965); Basista v. Weir, 340 F.2d 74 (3d Cir. 1965); Nesmith v. Alford, 318 F.2d 110 (5th Cir. 1963), cert. denied, 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964); United States v. Scranton, 257 F.Supp. 557 (E.D.Pa.1966); Rue v. Snyder, 249 F.Supp. 740 (E.D.Tenn.1966); Yates v. Village of Hoffman Estates, 209 F.Supp. 757 (N.D.Ill.1962); Selico v. Jackson, 201 F.Supp. 475 (S.D.Cal.1962). Some courts emphasize as an additional element, an ulterior motive on behalf of the defendants for depriving the plaintiff of constitutionally protected rights. See Bargainer v. Michal, 233 F.Supp. 270 (N.D.Ohio 1964); Beauregard v. Wingard, 230 F.Supp. 167, 183 (S.D.Cal. 1964). Irrespective, however, the courts consistently reject claims under the Civil Rights Act when, without other aggravating circumstances, the arrest is shown to have been with probable cause or pursuant to the dictates of a properly issued warrant. Beauregard v. Wingard, 362 F.2d 901 (9th Cir. 1966); Mueller v. Powell, 203 F.2d 797 (8th Cir. 1953); Sopp v. Gehrlein, 232 F.Supp. 881 (W.D. Pa.1964).

■ In the matter at bar, the plaintiff in his complaint alleges that the arrest was conducted without probable cause or warrant of arrest and that a conspiracy existed. If, at the hearing on the defendants' motion to dismiss, no contradictory evidence had been received, the court might well be bound to assume the truth of the plaintiff's contentions. See Jenson v. Olson, 353 F.2d 825 (8th Cir. 1965). But Rule 12(b) of the Federal Rules of Civil Procedure provides in part that:

"* * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

At the hearing on the motion, the defendants introduced, and the court received, a duly certified copy of an order with an attached memorandum dated July 27, 1967, entered and written by a judge of the Municipal Court of Hennepin County, Minnesota. The court therefore is disposed to treat the matter as to this issue as one for summary judgment pursuant to the above quoted language of Rule 12(b).

■ The referred to Municipal Court order denied a motion by the present plaintiff to dismiss three or four parking complaints and the three warrants

which culminated in the arrest incident thereto recited above. This constituted a direct attack on the entire process, including the arrest warrants in question. From the aforesaid memorandum, it appears and is recited at some length that the plaintiff failed to respond to three parking ticket traffic citations. Notice of the issuance of each ticket was duly mailed to the plaintiff's address. Subsequently, when plaintiff still failed to respond, three warrants were issued after complaints were filed. The warrants were then delivered to the Hennepin County Sheriff for service upon the plaintiff. They were then transmitted to a law officer in plaintiff's resident town, Savage, Minnesota, for service on plaintiff. Plaintiff apparently appeared in response thereto, for in any event he posted $75.00 cash bail. A court date for contesting the charges was set. On the set date, however, plaintiff did not appear and he forfeited the bail by ignoring the scheduled arraignment. It was only thereafter that the previously issued arrest warrants were executed by the defendant Pedersen and the arrest made. Plaintiff was finally brought before the court May 1, 1967, and entered a plea of not guilty. Later his motion to dismiss was, on July 27, 1967, denied as per the aforementioned Municipal Court order.

The plaintiff's arrest was pursuant to these three legally issued warrants of arrest. Each warrant had been issued by different police divisions of the state: (1) July 3, 1966—City of Bloomington Police; (2) July 20, 1966—City of Minneapolis Police; (3) September 24, 1966—Metropolitan Airport Police. The plaintiff does not and has not contended that the facts recited in the Municipal Judge's memorandum are false or inaccurate except by inference in his initial pleading wherein he asserts that the arrest was without probable cause or lawful warrant. On the basis of this uncontroverted information and the lack of any legally significant denial by the plaintiff, the court finds that there is not a genuine issue of fact and that the plaintiff's arrest was lawfully executed under the extant warrants. Under the case law cited above, it is clear that the arrest was constitutionally made by the defendant law enforcement officers.

■ The plaintiff apparently attempted to anticipate this defense in his complaint since he alleged that the City of Bloomington parking ticket practice was unconstitutional and formed a part of an extortion scheme. He only alleged however that the City of Bloomington parking practice and tickets issued pursuant thereto are unconstitutional. The fact remains that there were two other warrants for his arrest outstanding when the arrest was made on May 1, 1967, which he did not mention or challenge in his complaint. The court is of the view that where two legal warrants are followed in executing an arrest, the invalidity of a third (if true) will not make the arrest unconstitutional. While some courts have held that arrests and related conduct pursuant to conspiracies to extort are unconstitutional, see Brown v. United States, 204 F.2d 247 (6th Cir. 1953); Culp v. United States, 131 F.2d 93 (8th Cir. 1942)[3], those cases are readily distinguishable by virtue of the unchallenged legality of two of the issued warrants in the present case. Plaintiff therefore has failed to state a claim upon which relief can be granted regarding his allegedly unconstitutional arrest and summary judgment on this issue is granted.

■ Additionally, the plaintiff apparently contends that the warrants for his arrest were issued unconstitutionally in view of the recent Minnesota Supreme Court decision of State v. Paulick, 151 N.W.2d 591 (Minn.1967), which explicitly held that complaints preceding issuance of arrest warrants for violations of municipal ordinances—such as the parking prohibitions in the case at bar—must be sworn to before a magistrate and

---

**3.** Although *Culp* and *Brown* were cases under 18 U.S.C. § 242, the criminal counterpart to 42 U.S.C. § 1983, the holdings regarding the definition and extent of constitutional guaranties seem applicable here.

warrants issued by a magistrate. In *Paulick*, the court condemned a procedure very similar to that followed in this case. In each case the complaint or complaints were sworn out before a Municipal Court deputy clerk and the warrants issued by him. It therefore appears that the plaintiff's arrest was executed pursuant to warrants which now might well be held to have been improperly issued because issued by deputy clerks and not by magistrates. Presumably, were it made today, *Paulick* might render the plaintiff's arrest invalid in the absence of additional circumstances such as shown in the memorandum of the Municipal Court Judge. This court need not decide this question, however. While the Minnesota Supreme Court's decision as to the scope and interpretation of the Fourteenth Amendment does not bind this court, even if it be assumed *arguendo* that the arrest was unconstitutionally conducted for the reasons stated in *Paulick*, such is immaterial to a decision of the case at bar. The present case is not one where the issue is whether the plaintiff can be convicted as a defendant charged with traffic violations. Rather it is a suit for damages against a police officer who claims to have acted according to the dictates of properly issued arrest warrants. The court is of the opinion that the defendant Pedersen can not be held liable in a civil suit for damages. In Bowens v. Knazze, 237 F.Supp. 826 (N.D. Ill.1965), it was held that a police officer's liability under the Civil Rights Act can not be premised upon an unforeseeable tortious result where the officer acted in good faith. Based upon Monroe v. Pape, supra, the court reasoned that since the tort involved consisted of a violation of constitutional rights, a police officer should not be held liable for failing to anticipate a technical legal argument or a court's holding that an act is unconstitutional upon the fringes of the Fourteenth Amendment. The court stated that:

"It would require law enforcement officers to respond in damages every time they miscalculated in regard to what a court of last resort would de-termine constituted an invasion of constitutional rights, even where, as here, a trial judge—more learned in the law than a police officer—held that no such violation occurred.

\* \* \* \* \* \*

So long as the defendant's conduct stemmed from his reasonable belief as to the requirements of the law and was not unreasonable in any other way, he cannot be held responsible—under the standard of liability set forth in Monroe v. Pape—for the deprivation of plaintiff's rights. 'No one has a constitutional right to be free from a law officer's honest misunderstanding of the law or facts in making an arrest'. Agnew v. City of Compton, 239 F.2d 226, 231 (9 Cir. 1956), cert. den. 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957). Thus, the action of a police officer cannot be tortious when the officer proceeds on the basis of his reasonable, good faith understanding of the law and does not act with unreasonable violence or subject the citizen to unusual indignity. The facts alleged in the complaint demonstrate conclusively that the defendant could not reasonably have foreseen that a deprivation of constitutional rights might have resulted from his conduct. Under such circumstances, the complaint must be dismissed." 237 F. Supp. at 829.

Since in the case at hand the circumstances indicate that officer Pedersen could not have anticipated the *Paulick* decision, made some two months after the plaintiff's arrest, the complaint fails in this respect also to state a claim upon which relief can be granted. During the period preceding the *Paulick* ruling, warrants uniformly were issued by the Clerk of Court without being sworn before a magistrate. In fact, in the instant matter, all three warrants were executed in different judicial districts by deputy clerks rather than magistrates. The practice followed in the present case clearly conformed with procedures then extant in Minnesota. If plaintiff were permitted to recover here,

**94**

many persons under the type of warrants held invalid in *Paulick* might likewise have a claim for damages in this forum. The Civil Rights Act and the Supreme Court in Monroe v. Pape, supra, surely did not contemplate such a result. *Paulick* is not retroactive so as to impute knowledge to the defendant Pedersen under the circumstances of this case.

Plaintiff also has failed to state a claim upon which relief can be granted respecting his allegations of a battery in the course of his arrest. The plaintiff alleges that "Collins and Pedersen shoved Plaintiff down the hallway [of the Bloomington courthouse]," and that "Defendant Pedersen assaulted Plaintiff on the way down the steps to the Bloomington Jail [and] aggravated a recent surgical operation." The court believes these allegations are insufficient to constitute a deprivation of Fourteenth Amendment rights.

 The courts have taken cognizance of physical beatings and violence resulting in deprivations of due process. See, e. g., United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); Williams v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Basista v. Weir, 340 F.2d 74 (3d Cir. 1965); Koehler v. United States, 189 F.2d 711 (5th Cir. 1951); Selico v. Jackson, 201 F.Supp. 475 (S.D.Cal.1962). Because of the brutality of the attacks in those cases, there were clear deprivations of due process. Here, however, plaintiff has neglected to allege any more than a trivial battery at best. Such a showing lacks the severity found in *Screws* by far, and the purpose to coerce a confession seen in *Williams*. In approaching Fourteenth Amendment due process questions, the court may consider the severity of the act. While it is true that the Civil Rights Act is to be read in the context of tort liability, see Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5

L.Ed.2d 492 (1961), nevertheless, the plaintiff herein has failed to show the requisite degree of harm needed to constitute a denial of rights "implicit in the concept of ordered liberty." See Rochin v. People of California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952); Pritchard v. Downie, 216 F.Supp. 621 (E.D. Ark.), aff'd, 326 F.2d 323 (8th Cir. 1964). Cf. Campbell v. Glenwood Hills Hospital, Inc., 224 F.Supp. 27, 32 (D. Minn.1963). Many, if not most, arrests are bound to involve some touching of the person of the arrested person by the officer. It becomes a "battery" in violation of Constitutional Rights only when excessive under the circumstances, certainly if the arrest be a lawful one.

 Moreover, the plaintiff has not alleged any injury whatsoever as a result of the "shove". Nor has he plead his "assault" in more than mere conclusory terms. Assault is the threat of injury (though often precedent to a battery). Plaintiff alleges a mere assault on the way down the steps, and not a battery. In Civil Rights Act litigation, the courts consistently have held that conclusory pleading will not suffice to withstand motions to dismiss. See Hoffman v. Halden, 268 F.2d 280, 294 (9th Cir. 1959); Campbell v. Glenwood Hills Hospital, Inc., 224 F.Supp. 27 (D.Minn. 1963). In sum, the court believes plaintiff is without redress in the federal forum in view of the lack of constitutional deprivations.

 Plaintiff's allegations concerning the defendants' failure to present him promptly before a magistrate have been held not to give rise to violation of a right secured by the Fourteenth Amendment. See Bradford v. Lefkowitz, 240 F.Supp. 969 (S.D.N.Y.1965); Colon v. Grieco, 226 F.Supp. 414 (D.N.J.1964); Stift v. Lynch, 267 F.2d 237 (7th Cir. 1959)[4]. The court is of the opinion that the arraignment within four to four and a half hours after arrest was reasonably

4. Regarding the continuing validity of the holding in Stift v. Lynch, 267 F.2d 237 (7th Cir. 1959), see Beauregard v. Wingard, 230 F.Supp. 167, 174 (S.D.Cal. 1964).

prompt. The court takes judicial notice of the fact that Bloomington is a suburb of Minneapolis and its City Hall is some six to seven miles from the Sheriff's main office in Minneapolis, where the warrants were physically kept at the time of the arrest. Many times arraignments are not until the next morning and are nonetheless held sufficiently prompt.

Aside from the above considerations relating to the plaintiff's claim under § 1983, there remains the question of the applicability of § 1985(3). Section 1985(3) redresses injuries incurred pursuant to conspiracies to deprive citizens of the equal protection of the law or the equal privileges and immunities under the law. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). The essential elements of a claim under § 1985(3) were enumerated in Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959):

> "Under § 1985(3), Title 42 U.S.C.A. the elements of a cause of action are (1) that defendants conspired, (2) that the purpose of the conspiracy was to deprive plaintiff of equal protection of the laws or equal privileges and immunities under the law, (3) a purposeful intent to discriminate * * *, and (4) that defendants acted under color of State law or authority * * *; (5) the requirement of § 1985(3) that by acts in furtherance of the conspiracy plaintiff was injured in his person or property or was deprived of having and exercising a right or privilege of a citizen of the United States." Id. at 292.

With near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under § 1985(3). See Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959); Lombardi v. Peace, 259 F. Supp. 222 (S.D.N.Y.1966); O'Hara v. Mattix, 255 F.Supp. 540 (W.D.Mich. 1966).

 A conspiracy claim based upon § 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959); Colon v. Grieco, 226 F.Supp. 414 (D.N.J.1964); Selico v. Jackson, 201 F. Supp. 475 (S.D.Cal.1962). Plaintiff in the case at bar has neglected to allege any facts showing such invidious discrimination between persons or that he received treatment different from that received by others in a similar situation. In fact, plaintiff has not even alleged in conclusory form that such discrimination was practiced. The court therefore finds that the plaintiff has failed to state a claim under § 1983, and he likewise has not stated a claim under § 1985(3).