462 F.2d 111
 Philip A. ROBINSON et al., Apellants in No. 71-1301
v.
Dr. Lloyd W. McCORKLE, Commissioner of the Department of
Institutions and Agencies, et al.
Appeal of Jacob A. ROBINSON,
 No. 71-1302.
 Appeal of Kate ROBINSON, No. 71-1303.
 Nos. 71-1301 to 71-1303.
 United States Court of Appeals,
 Third Circuit.
 Argued March 14, 1972.
Decided June 12, 1972.
 
 Leopold Frankel, Frankel & Frankel, Paterson, N. J., for appellant.
 Charles J. Milton, Milton, Keane & DeBona, Jersey City, N. J., for appellee, Hasbrouck Heights.
 Lawrence D. Smith, Hein, Smith, Mooney & Berezin, Hackensack, N. J., for appellees, Bergen Pines and Dr. Little.
 Joseph T. Maloney, Deputy Atty. Gen., Department of Law & Public Safety, Trenton, N. J., for appellee, McCorkle; William F. Tuohey, Jersey City, N. J., of counsel.
 Before MAX ROSENN, JAMES ROSEN, Circuit Judges, and TEITELBAUM, District Judge.
 OPINION OF THE COURT
 JAMES ROSEN, Circuit Judge.
 
 
 1
 Appellants seek review of a district court order dismissing their civil rights complaint brought under 42 U.S.C. Secs. 1983, and 1985(3) against certain named defendants.[1]
 
 
 2
 The allegations of the amended complaint set forth numerous counts of unlawful conduct by various police officers of Hasbrouck Heights, Borough attorney, magistrate and clerk of the municipal court, commissioner of the New Jersey Department of Institutions and Agencies, superintendent of Bergen Pines County Hospital and the hospital itself. Severely distilled, the amended complaint makes the following contentions: (1) that petitioner was unlawfully committed to Bergen Pines County Hospital for temporary confinement on two occasions under a repealed New Jersey statute providing for summary commitments; (2) that warrants remain outstanding against Philip Robinson, sworn out by various named defendants and non-parties, which place him in fear of future unlawful commitments; (3) that the course of conduct engaged in by the defendants reveals a conspiracy to discredit the appellant Philip and his family, and is the result of a concerted and deliberate effort to destroy the public reputation and character of the Robinson family.
 
 
 3
 The appellants requested $1.3 million special and punitive damages. The Robinsons also sought the convening of a three-judge court to hear and determine the constitutionality of N.J.S.A. 30:4-26.3 (summary hearing and commitment statute) and Article I, Par. 9 of the New Jersey Constitution, and a judgment declaring the aforementioned statute and article of the Constitution unconstitutional.[2]
 
 
 4
 Judge Whipple's disposition of each count of the Robinsons' complaint was proper.
 
 
 5
 Count one was dismissed to all parties except Harry Carty, Sr., who was Chief of Police of the Hasbrouck Heights Police Department at the time of the alleged incidents, Dr. Rufus Little, superintendent of Bergen Pines County Hospital, and Dr. Lloyd McCorkle, commissioner of the New Jersey Department of Institutions and Agencies. In addition to these three defendants, the motion to dismiss count two against several defendants who are or were police officers employed by Hasbrouck Heights and alleged to have participated in the incidents preceding the two commitments was denied. The motion was granted to all other defendants on count two. Although the district judge found a lack of specific facts upon which to grant relief, Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967), Kauffman v. Moss, 420 F.2d 1270 (3d Cir. 1970), cert. den. 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970), his exercise of discretion in allowing Philip Robinson to pursue various charges of brutality and physical abuse against the remaining defendants was particularly appropriate at this juncture in the proceedings.
 
 
 6
 Dismissal in favor of the judge, borough attorney and clerk, on the basis of the pleadings, cannot be faulted. Not only are the conspiracy allegations unsupported by any specific facts, but the complaint fails to make a sufficient showing under 42 U.S.C. 1985(3) that Philip Robinson was denied equal protection of the law. With near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under Sec. 1985(3). "A conspiracy claim based upon Sec. 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Hoffman v. Halden, 268 F. 2d 280 (9th Cir. 1959); Colon v. Grieco, 226 F.Supp. 414 (D.N.J.1964); Selico v. Jackson, 201 F.Supp. 475 (S.D.Cal. 1962)." Daly v. Pedersen, 278 F.Supp. 88 (D.Minn.1967); Weise v. Reisner, 318 F.Supp. 580, 583 (E.D.Wis.1970). Cf. Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1970).
 
 
 7
 The judicial immunity doctrine also sustains the dismissals. Assuming arguendo that Philip Robinson was committed under a repealed statute, such judicial miscue does not remove the shield of immunity. Judge Whipple properly pointed to the essential distinction between "clear absence of jurisdiction" and "excess of jurisdiction." See Bauers v. Heisel, 361 F.2d 581, 591 (3d Cir. 1966) cert. den. 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967); Jacobson v. Schaefer, 441 F.2d 127 (7th Cir. 1971); Pritt v. Johnson, 264 F.Supp. 167, 170 (M.D.Pa.1967). Cf. Wade v. Bethesda Hospital, 337 F.Supp. 671 (S. D.Ohio 1971). In Gaito v. Ellenbogen, 425 F.2d 845 (3d Cir. 1970), we affirmed the dismissal of a state prisoner's civil rights complaint against four of the five named defendants, two state court judges, the Pennsylvania Attorney General, and the Pittsburgh District Attorney, insofar as these defendants were immune from suit as state officials. In Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1969), a state prisoner brought an action for damages under 42 U.S.C.A. Sec. 1983 against a Prothonotary of the Superior Court of Pennsylvania for failure to accept certain papers for filing. The Prothonotary's motion for summary judgment was granted, and affirmed on appeal. The court noted that, "[I]n addition to the recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit." We took counsel from Ginsburg v. Stern, 125 F.Supp. 596, 602 (W.D.Pa. 1954), aff'd. 225 F.2d 245 (3d Cir. 1955), where the argument for civil liability was squarely faced:
 
 
 8
 "Thus, assuming that the failure to file said petition was patently violative of complainant's civil rights, no basis in law exists whereby civil liability can be imposed upon a public official acting pursuant to court order and direction."[3]
 
 
 9
 See also Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971), where a civil rights suit was filed against a battery of judicial personnel who performed judicial and quasi-judicial duties in connection with a state criminal proceeding. We affirmed the dismissal of the complaint on the bilateral grounds of judicial immunity and failure to allege specific facts in support of the conclusory allegations of the complaint.
 
 
 10
 Appellants would have us view the motions to dismiss as summary judgment motions, so that the burden of showing the absence of a genuine issue of fact rests on the movants. The trial judge properly treated the designated motions as motions to dismiss, and measured the allegations of the complaint against the rule of specificity of pleading applicable to civil rights actions.
 
 
 11
 Appellants allege error in the dismissal of the various claims against Bergen Pines County Hospital, predicated on their disagreement with the trial judge regarding the hospital's amenability to suit as a "person" under Sec. 1983. The main thrust of count 5 is to test the constitutionality of the New Jersey Summary Commitment Statute and Article I, Par. 9 of the New Jersey Constitution. No specific equitable relief is requested against Bergen Pines, in apparent recognition that there is no continuing conduct which may be enjoined or restricted. The same broad, conclusory allegations are made with respect to Bergen Pines as are made against the other defendants. We find the dismissal in favor of the hospital proper in all respects. See United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. den. 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970).[4]
 
 
 12
 Counts three and four were properly dismissed for failure to establish a claim for relief. Philip Robinson's parents' claims of physical and emotional distress are not actionable under Secs. 1983 or 1985(3). We find no error in the court's disposition of these claims.
 
 
 13
 The parties remaining in this suit are the only defendants having any real connection, through specific acts, with the "true" allegations of the complaint. When purged of its "windmills," the complaint allows the court below to go forward and hear evidence on the only justiciable claims contained therein, outside of the spectacle of a "feudal" drama. We have reviewed the trial court's disposition of all counts, and find no substance to appellants' claims of error.
 
 
 14
 The judgment of dismissal will be affirmed.
 
 
 
 [1]
 To entertain jursidiction of this appeal by virtue of F.R.Civ.P. Rule 54(b)
 
 
 [2]
 The Robinsons challenge the constitutionality of Paragraph 9 of Article I which permits the Legislature to "authorize the trial of the issue of mental incompetency without a jury."
 
 
 [3]
 In Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966), cert. den. 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967), we held that the Civil Rights Act of 1871 was not intended to abrogate the common law immunities enjoyed by members of the judiciary
 
 
 [4]
 While the complaint contains counts for declaratory relief and the convening of a three judge court, the primary relief sought is the recovery of $1.3 million in exemplary and punitive damages for past completed wrongs. Appellants attempt to bring themselves within the purview of that line of cases where a civil rights suit was allowed against school boards seeking equitable relief. Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), cert. den. 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); Porcelli v. Titus, 302 F.Supp. 726 (D.N.J.1969), aff'd 431 F.2d 1254 (3d Cir. 1970) cert. den. 402 U.S. 944, 91 S.Ct. 1612, 29 L.Ed.2d 112 (1971). In Harkless, the claim for back pay was an integral part of the equitable relief for reinstatement, and not a count for "damages." In Porcelli, the plaintiffs alleged racial discrimination in the municipal school system in the appointment and promotion of teachers, in violation of the equal protection clause. We take our guide from Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and other cases where civil rights suits have been barred against municipalities for damages in respondeat superior situations. See Mayhue v. City of Plantation, 375 F.2d 447 (5th Cir. 1967); Harvey v. Sadler, 331 F.2d 387 (9th Cir. 1964). When read against the background of these decisions, appellants' arguments are rendered groundless. See also Folk v. Wilson, 313 F.Supp. 727 (D.Del.1970); Ransom v. City of Philadelphia, 311 F. Supp. 973 (E.D.Pa.1970); Nugent v. Sheppard, 318 F.Supp. 314 (N.D.Ind. 1970)