Thelma MORRIS, on her own behalf and on behalf of a class of persons similarly situated, Plaintiff,

v.

CITY OF PITTSBURGH, Defendant.

Civ. A. No. 77–1256.

United States District Court, W. D. Pennsylvania.

Feb. 27, 1978.

Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa., for plaintiff.

Marvin A. Fein, City Law Department, Pittsburgh, Pa., for defendant.

MEMORANDUM ORDER

WEBER, Chief Judge.

E. T. A. Hoffmann was not only an author, composer, conductor and artist, he was also a jurist. I suspect that the idea for his tale about the war between the toy soldiers and the mice may have originated from his experience with lawsuits. I was reminded of this tale and its development in the scene in the *Nutcracker* ballet where before our

eyes the tiny soldiers under the tree and the invading mice grow to life size and carry on their war while the household sleeps, by the developments in this case.

Plaintiff filed a class action Title VII suit alleging essentially that she and other women were paid less for doing substantially the same work as men. She alleged timely compliance with the administrative requirements.

Defendant moved to dismiss on grounds that have little merit; failure to plead a cause of action, failure to exhaust administrative remedies, the complaint exceeding the scope of the administrative charge, and untimely filing of an amended administrative charge.

■ The complaint clearly charges a cause of action for discriminatory employment policies based on sex.

The complaint is broader in detail than the administrative charge. All Title VII judicial complaints are broader than the administrative charge. This is because the administrative charge is made on a one page printed form which allows the charging party to check off a box indicating the type of discrimination. In the middle of the page is a blank space in which the charging party is told to "explain what unfair thing was done to you and how other persons were treated differently." It gives the charging party space for only a few lines, and these are often handwritten by the charging party. On the other hand the judicial complaint is most often drafted by a lawyer who has reams of blank white legal size sheets of paper available, a dictating machine, an electric or automatic typewriter or in modern parlance, word processing equipment, and who has been trained in the tradition of centuries of never allowing a single word to stand alone when there are dozens of synonyms to fortify it.

■ The case law in this Circuit and elsewhere says that the scope of the complaint may encompass any kind of discrimination like or related to the allegations of the charge. See *Sanchez v. Standard Brands*, 431 F.2d 455 [5th Cir. 1970]. This is the simple statement. In this Circuit the rule is stated in *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394 [3d Cir. 1976] as "what can reasonably be expected to grow out of the charge of discrimination." This is further illustrated by *Hicks v. Abt Associates*, 572 F.2d 960 [3d Cir. 1978], where a race discrimination charge also supported a sex discrimination complaint, where the investigation would have revealed that charging party was comparing his treatment with that of black women.

■ The only administrative prerequisite to a suit in the District Court are the timely filing of a charge with the EEOC and the receipt of statutory notice of right to sue, both of which were pleaded here.

■ We really cannot see what difference it makes that plaintiff filed an amendment to the EEOC charge, amplifying some of the details of the discrimination charge. In any event the Regulations provide that such charges relate back to the date of the original charge. See 29 C.F.R. 1601.11(b). Cf. Fed.R.Civ.P. 15(c).

The motion will be denied. It is the Court's fault that it was not determined much earlier. Unfortunately we set a briefing schedule and then, again without thinking, allowed an enlargement of time for briefs at the request of counsel.

Here we return to the *Nutcracker* analogy. The backdrop unfolds, and the tree grows, the toy soldiers and the mice become life size. Plaintiff creates an army of straw men from defendant's non-issues and then proceeds to demolish them with heavy artillery fire. The disposition of the ill-grounded motion is delayed a month while counsel sail paper airplanes at each other.

Is this what the practice of law has become?

This is a class action case and someday plaintiff's counsel may appear before the court to have attorney's fees determined. We do not wish to be unduly harsh with counsel in the present case, but prior similar experiences compel us to record our observation that this type of legal practice harks back to the time when lawyers were scrive-

ners of legal documents and paid at the rate of a penny a word. This practice did not advance the development of the law but it did produce a wonderful efflorescence of English vocabulary. Lacking the gift of prophecy I cannot imagine what collateral benefit will ensue from the present proliferation of paper. One thing will result for sure, we will be much more careful in the future in asking for briefs.