**Maxine AUNGST, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**J. C. PENNEY COMPANY, INC., Defendant.**

Civ. A. No. 77–1287.

United States District Court, W. D. Pennsylvania.

Aug. 23, 1978.

Beverly A. Gazza, Tucker, Arensberg, Ferguson, Pittsburgh, Pa., for plaintiff.

Walter P. DeForest and Patrick W. Ritchey, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

This action was instituted to redress a pattern and practice of sex discrimination in employment allegedly fostered by defendant. Plaintiff purports to act on her own behalf and on behalf of a class delineated as ". . . all women employed by the defendant since October, 1967, all women presently employed by the defendant and all women who may be employed by the defendant in the future who were, are or will be affected in the future by the policies of the defendant which unlawfully discriminate against women." Defendant is charged, generally, with violating the rights of plaintiff and the class as defined under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d) and 216(d); 42 U.S.C. §§ 1985, 1986, and 1988; the Pennsylvania Human Relations Act, 43 Pa.Stat.Ann. § 951 et seq., and Article I, Section 28 of the Pennsylvania Constitution. Jurisdiction is asserted under 42 U.S.C. § 2000e–5(f); 28 U.S.C. §§ 1331, 1332, 1337 and 1343; 28 U.S.C. §§ 2201 and 2202; as well as pendent jurisdiction.

The Court is presently concerned with defendant's motion to dismiss and/or entry for summary judgment. Fed.R.Civ.P. 12(b) and 56(b). Additionally, we shall address plaintiff's motion for class action determination. Fed.R.Civ.P. 23(a) and (b)(2).

## BACKGROUND

The record reveals that plaintiff is Maxine Aungst ("Aungst"); defendant is J. C. Penney Company, Inc. ("J. C. Penney"). From approximately October, 1967 until April 25, 1974, Aungst was employed as a salesperson in the furniture department of J. C. Penney's Logan Valley Mall retail facility located in Altoona,. Pennsylvania. Subsequent to her termination, Aungst filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC"), to-wit,

"Female associates on the selling floor have an enforced dress code of navy blue, black, or brown or grey [sic]. I was told to dress 'more professionally' (even tho I did abide by the dress code color) because of the dept. I worked in. Family Benefits are denied female employeess ie. hospitalization etc unless they fill out a form 'head of household' (# 1604–9(c)) (I did this & my family was covered) but, the company practices this. Men are required to wear suits or sport jackets but no color is specified. Females are not allowed to work more than 40 hours—men are—example—to cover floor for hours when others are sick or on vacation. I worked w/J. C. Penney Co. 6 years & 6 mo but just recently during a time when my performance was down—which I feel was due to illness, for which I was under a Dr's care,—was harrassed about these things.

I could answer questions or go into detail in a conversation with someone easier than write it all down.

I feel I was given a 'constructive dismissal' because I didn't quit—but am not working at this time because of a 'misinterpretation' of a statement during a phone conversation with the personel [sic] supervisor. There is a 4 page statement on file with the Pa. state employment office at this time & I'm waiting to be notified of a date for a hearing in relation to my dissatisfaction with the decision given at a predetermination hearing for unemployment. They say I quit—I didn't but I haven't been allowed to return to work but I have been terminated from the payroll—

The company explains away the dress code for women by saying it is easier for a customer to tell which are clerks but each one has to wear a Penney name tag at all times. This is not a company policy but is entirely at the manager's discretion." (EEOC Charge)

We repeat this charge in full because of the disparity between the administrative charge and the allegations of the complaint. In due course, the EEOC issued a right to sue letter and Aungst timely instituted suit in this Court.

The complaint alleges that J. C. Penney has maintained and continues to maintain a pattern and practice of discrimination against women in terms and conditions of employment and employment opportunities in the following particulars:

"23. Defendant has wilfully and intentionally denied equal employment to the plaintiff and the class and has discriminated, continues to discriminate and will discriminate in the future against the plaintiff and the class in the following ways:

(a) In failing and refusing to hire, recruit and place women on the same terms and conditions as comparably qualified men;

(b) In failing and refusing to compensate women employees on the same terms and conditions as comparably qualified men;

(c) In failing and refusing to promote women employees in the same manner and at the same rate as comparably qualified men;

(d) In failing and refusing to provide women employees with fringe benefits on the same terms and conditions as such fringe benefits are made available to comparably qualified men employees;

(e) In requiring that an employee qualify as a "Head of Household" before providing medical insurance coverage for the spouse and dependents of such employee;

(f) In failing and refusing to assign women employees to overtime work on the same terms and conditions as such assignments are made with respect to comparably qualified men employees;

(g) In imposing a dress code for women employees which is not applicable to similarly situated male employees;

(h) In otherwise discriminating against women employees with respect to the terms and conditions of employment.

24. The aforesaid practices of the defendant are not job related and are based solely on the sex of the defendant's employees." (Complaint, paragraphs 23 & 24).

More specifically, in support of her personal claim, Aungst includes charges that J. C. Penney, 1) imposed a dress code on her and other women employees which was not applicable to similarly situated male employees; 2) denied her and other women employees overtime work assignments on the same terms and conditions as comparably qualified male employees; and 3) required her to certify that she was a "Head of Household" before providing medical insurance coverage for her spouse and dependents. Aungst seeks declaratory, injunctive and other appropriate relief.

## MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

In support of its motion, J. C. Penney asserts, at the outset, that all claims predicated on 42 U.S.C. §§ 1985, 1986 and 1988 should be dismissed. J. C. Penney contends that Aungst's allegation of conspiracy, to-

wit, that J. C. Penney ". . . and certain [of its] officers, employees and representatives . . . agreed and conspired to discriminate . . .," does not state a claim under 42 U.S.C. § 1985(3).

█ The Court is cognizant that a proper claim under § 1985(3) must allege, 1) a conspiracy; 2) for the purpose of depriving a person or class equal protection of the laws or equal privileges and immunities; 3) an act in furtherance of the conspiracy; 4) whereby one was injured in his person or property or deprived any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Moreover, the complaint must clearly allege, with specific facts, both the discrimination and the existence of a conspiracy. *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168 (3d Cir. 1978); *Robinson v. McCorkle*, 462 F.2d 111 (3d Cir.), cert. denied, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972).

█ In assessing the instant claim, we cannot conclude that Aungst has adequately alleged the existence of a conspiracy. Initially, we note that the complaint fails to either identify or attempt to identify the individuals involved, and failed to supply *any* factual details of the conspiracy beyond mere conclusions. On that basis alone, towit, that Aungst failed to allege a conspiracy with "sufficient concreteness," the § 1985(3) claim may be dismissed. See, *Bethel v. Jendoco Construction Corp.*, supra. Nonetheless, in view of the anticipated motion for leave to amend should we dismiss on that basis, the Court further notes our subscription to the tenet that a corporation cannot conspire with itself any more than an individual can conspire with himself. See, e. g. *Goldlawr, Inc. v. Shubert*, 276 F.2d 614 (3d Cir. 1960) (dictum); *Nelson Radio & Supply Co. v. Motorola*, 200 F.2d 911 (5th Cir. 1952). While we are all cognizant of authority which would permit a claim of conspiracy against a business entity *if* multiple instances of discrimination and harassment were alleged, *Rackin v. University of Pennsylvania*, 386 F.Supp. 992 (E.D.Pa.1974); there are no such substantive allegations in the instant case to indicate that the acts complained of constitute an avowed corporate policy of sex discrimination.

█ Therefore, on the basis of the facts in the instant case, we hold that the alleged conspiracy between the "agents" of J. C. Penney cannot support a claim under § 1985(3). See, e. g., *Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir. 1972); *Johnson v. University of Pittsburgh*, 435 F.Supp. 1328 (W.D.Pa.1977); *Keddie v. Pennsylvania State University*, 412 F.Supp. 1264 (M.D.Pa. 1976). The § 1985 claim, as well as the attendant § 1986 and § 1988 claims shall be dismissed with prejudice.

J. C. Penney next asserts that all claims arising under Article I, Section 28 of the Pennsylvania Constitution should be dismissed. J. C. Penney argues, alternatively, that the Court should decline pendent jurisdiction because the subject constitutional provision has not been authoritatively interpreted by the Pennsylvania courts, or dismiss the claim because the provision has been interpreted by lower Pennsylvania courts as failing to create a cause of action against private persons.

█ The Court is mindful that the exercise of pendent jurisdiction is a matter for our discretion. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). We shall exercise that discretion, at least for the moment, in favor of assuming jurisdiction, assuming that the same evidence supports this pendent claim. Nonetheless, should it appear that this constitutional claim either generates discovery beyond that required for the Title VII claim, or would, otherwise, delay a resolution, we shall not hesitate to reconsider our position. Therefore, the motion to dismiss the constitutional claim shall be denied without prejudice.

J. C. Penney further asserts that all claims arising under the 14th Amendment should be dismissed, as the complaint fails to allege the requisite element of "state action." Notably, Aungst does not dispute J. C. Penney's assertion. Aungst explains,

by way of counsel's brief, that the complaint does not seek relief under the 14th Amendment. Rather, reference is made to the 14th Amendment solely to identify a constitutional source for relief sought under the cited statutes. Therefore, only to the extent there *are* claims directly based on the 14th Amendment, they shall be dismissed with prejudice.

J. C. Penney next asserts that all claims which were not the subject of Aungst's EEOC charge should be dismissed. J. C. Penney contends, therefor, that Aungst must be limited to those issues concerning the dress code, overtime assignments, and the "head of household" requirement.

■ Among the jurisdictional prerequisites to a Title VII action is the filing of charges with the EEOC. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This requirement, as all jurisdictional requirements, is accorded liberal construction in order to effectuate the underlying policies of the act. *Glus v. G. C. Murphy Co.*, 562 F.2d 880 (3d Cir. 1977). Notably, we recently held that a complaint may, under proper circumstances, exceed the administrative charge. *Morris v. City of Pittsburgh*, 445 F.Supp. 981 (W.D.Pa.1978). Nonetheless, we must adhere to the precise language of *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976), to-wit:

> ". . . the parameters of the civil action in the district court are defined by the *scope* of the EEOC investigation which can *reasonably* be *expected* to grow out of the charge . . ." (emphasis added).

See, *Hicks v. ABT Associates, Inc.*, 572 F.2d 960 (3d Cir. 1978).

■ In the instant case, the Court has carefully examined Aungst's EEOC charge. We conclude that it is couched in unusually specific language. The alleged instances of discrimination are limited, and there is no indication that the charge is aimed at any facility other than that located in Altoona, Pennsylvania. Consequently, we believe that Aungst must be bound by the specificity of her charge and the scope of investigation and conciliation reasonably expected therefrom. In our estimation, it would be unconscionable to condone such an extreme elaboration of claims from the EEOC charge.

Therefore, all claims not contained in the EEOC charge shall be dismissed with prejudice.

■ Finally, J. C. Penney asserts that all claims relating to the "head of household" requirement should be dismissed. J. C. Penney argues that Aungst complied with the requirement, suffered no harm and, therefor, lacks standing. We disagree. Aungst is no less an aggrieved party because she complied with an alleged discriminatory requirement. Standing in civil rights actions must be broadly construed. See, *Rosen v. Public Service Electric and Gas Co.*, 477 F.2d 90 (3d Cir. 1973). We shall permit August to represent the claims of the class with regard to the "head of household" requirement. Nonetheless, the Court cannot permit Aungst to recover personally, since she failed to file a timely EEOC charge on this matter, 42 U.S.C. § 2000e–5(e); *United Air Lines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). The certificate was signed by plaintiff on January 29, 1971. Her EEOC charge was filed July 17, 1974. Her complaint was filed November 3, 1977. Therefore, the motion to dismiss the "head of household" claims will be granted with regard to Aungst's personal claim, but denied as to the claims of the class.

## MOTION FOR CLASS ACTION DETERMINATION

■ Aungst has the burden of establishing, with specific factual allegations, that she meets the stringent requisites for class certification. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3d Cir. 1975). After a thorough analysis of the present record and submissions, the Court finds that Aungst has satisfied the "numerosity," "commonality", "typicality" and "adequacy" requirements of Fed.R.Civ.P. 23(a)(1), (a)(2), (a)(3) and (a)(4), respectively. More-

over, we conclude that Aungst has satisfied the mandates of Fed.R.Civ.P. 23(b)(2). Nonetheless, the class description requires further limitation.

 Initially, we restrict the class to women at J. C. Penney's Logan Valley Mall retail facility located in Altoona, Pennsylvania. J. C. Penney proffered unrefuted affidavits to the effect that the dress code and overtime assignments were matters of discretion with the manager of the Altoona facility. Notably, Aungst did not allege that women in other facilities were affected by these local conditions. Additionally, Aungst failed to refute a J. C. Penney affidavit to the effect that the "head of household" requirement, albeit a nationwide policy, applied equally to male and female employees. At best, Aungst has identified a local discriminatory application of an otherwise non-discriminatory provision. There is no reason, then, to extend the class beyond the Altoona facility.

The class must be further restricted to those women who could have filed a charge with the EEOC at the time Aungst filed her charge. See, *Wetzel v. Liberty Mutual Insurance Co.* supra. Therefore, women whose claims arose more than 300 days before Aungst filed on July 17, 1974, will be barred by the statute of limitations in section 706(d) of Title VII, 42 U.S.C. § 2000e–5(e).

An appropriate order shall issue.

### ORDER

AND NOW, to-wit, this 23rd day of August, 1978, for the reasons expressed in the foregoing Opinion,

IT IS ORDERED that the claims arising under 42 U.S.C. §§ 1985, 1986 and 1988; the claims arising under the 14th Amendment; and the claims not included in the EEOC charge shall be and hereby are DISMISSED.

FURTHER, it is ORDERED that plaintiff be and hereby is certified, pursuant to Fed.R.Civ.P. 23(a) and (b)(2), to represent a class delineated as all women employed by defendant who could have filed charges with the EEOC on or after July 17, 1974, all women presently employed by defendant and all women who may be employed by defendant in the future who were, are, or in the future may be, affected by the policies of defendant which were the subject of plaintiff's EEOC charge of discrimination with respect to:

a) Defendant's dress code;

b) Defendant's overtime policy;

c) Defendant's "head of household" certification requirement.