**Herschel W. VICK, Plaintiff,**

v.

**Karl HALLER, et al., Defendants.**

Superior Court of Delaware,
Sussex County.
Submitted: March 17, 1986.
Decided: April 29, 1986.

Herschel W. Vick, pro se.

Richmond L. Williams, Deputy Atty. Gen., Dept. of Justice, Wilmington, for defendants Honorable Claud L. Tease and Robert Witsil.

Michael F. McGroerty, of Davis & McGroerty, Seaford, for defendant Karl Haller.

OPINION

JACOBS, Vice-Chancellor.[*]

The plaintiff Herschel Vick, a litigant presently in the custody of the Department of Correction of the State of Delaware, brought this civil action *pro se* on August 14, 1985, in the Superior Court of the State of Delaware seeking declaratory and injunctive relief and compensatory and punitive damages. Named as defendants are The Honorable Claud Tease, a Judge of the Superior Court, Deputy Attorney General Robert Witsil, and Assistant Public Defender Karl Haller. By Order of the Chief Justice of the State of Delaware dated January 30, 1986, the undersigned was designated to sit in the Superior Court, pursuant to *Del. Const.* Art. IV, § 13(2), and to conclude all matters in this litigation.

The defendants Judge Tease and Deputy Attorney General Witsil have moved to dismiss this action on the grounds that they are absolutely immune pursuant to 10 *Del.C.* § 4001 and on jurisdictional grounds. Defendant Haller has joined in the motion to dismiss, claiming immunity as a matter of law under 10 *Del.C.* § 4001.

The defendants' motion was briefed, and oral argument took place on March 17, 1986. This is the decision of the Court on the defendants' motion to dismiss.

I.

Although far from artful, the complaint, fairly read, alleges the following: On February 28, 1984, the plaintiff was arrested for failure to stop at a stop sign, for failure to stop at the command of a police officer,

---

[*] Sitting by designation pursuant to Article IV, § 13(2) of the Delaware Constitution.

for resisting arrest, and for possession of marijuana with intent to deliver. The plaintiff was subsequently prosecuted on those charges. Defendant Karl Haller is the Public Defender who was appointed to represent the plaintiff; defendant Witsil is the Deputy Attorney General who prosecuted the criminal charges; and defendant Tease is the Superior Court Judge who presided over the plaintiff's criminal trial.

The plaintiff alleges, among other things, that at the preliminary hearing, Mr. Haller advised him to waive the reading of the charges so that he could obtain a copy of the police report and police interview, and that Mr. Haller further advised plaintiff to accept a plea bargain. The plaintiff alleges that after he refused to waive the reading, Mr. Haller became upset with the plaintiff and suggested that he represent himself. The plaintiff allegedly repeated his request for a copy of the preliminary transcript; however, Mr. Haller told him that he would have to pay for it himself. Later, the plaintiff informed Mr. Haller that he would represent himself.

Numerous letters were exchanged between the Public Defender's office and the plaintiff regarding the plaintiff's request for a transcript. The plaintiff alleges that he repeated his desire to represent himself, informed the Attorney General that he would proceed as *pro se*, and filed *in forma pauperis* a request for a copy of the transcript, and that the Public Defender's office refused to order the transcript.

Throughout this period, Mr. Haller continued to make his office available to the plaintiff. The correspondence attached to the complaint shows that Mr. Haller made repeated attempts to advise the plaintiff, who, nonetheless, elected to proceed on his own behalf and filed numerous motions in the criminal proceedings. Simultaneously, Mr. Haller followed the necessary proce-

dures to prepare for trial and made appropriate motions on plaintiff's behalf as they became necessary.

The plaintiff alleges that, even though he sought to represent himself and even though he continued to receive legal counsel, his civil rights were violated due to Mr. Haller's alleged negligent, inattentive and/or uncooperative conduct in preparing his defense. In addition, the plaintiff alleges that defendant Witsil, as prosecutor, violated his civil rights by knowingly using perjured testimony, and by denying the plaintiff the opportunity to see police reports and other documents of a like nature, and by denying him the right to conduct a pre-trial investigation of potential witnesses. No specific claim is asserted against Judge Tease, other than that he failed to give the plaintiff credit for time already served.[1]

It is manifest from the face of the complaint that all of the acts and omissions complained of occurred while the defendants were acting in their official—and in no other—capacities. Claiming that these acts and omissions constituted violations of his federal constitutional rights, the plaintiff seeks (i) declaratory relief that his constitutional rights were violated, (ii) an injunction prohibiting the defendants from committing similar future violations and (iii) $1 million compensatory and $1 million punitive damages from each defendant.

## II.

The defendants move to dismiss on the grounds that they are immune by reason of 10 *Del.C.* § 4001 of the State Tort Claims Act, and that the Superior Court has no jurisdiction over claims for equitable relief. Both of the defendants' grounds are well-founded. Because the jurisdictional ground is so clear and has been virtually conceded,[2] what follows are the reasons

---

**1.** Although the complaint does not clearly so reflect, this Court takes judicial notice of the fact that the plaintiff was convicted of all charges and that on December 20, 1985 (four months before this action was filed) the Su-

preme Court affirmed those convictions. *Vick v. State of Delaware,* Del.Supr. 504 A.2d 573 (Order).

**2.** The civil jurisdiction of the Superior Court relates to all civil causes at common law. Art.

why the motion must be deemed granted on grounds of statutory immunity.

The official immunity statute, 10 *Del.C.* § 4001 provides as follows:

Except as otherwise provided by the Constitutions or laws of the United States or of the State, as the same may expressly require or be interpreted as requiring by a court of competent jurisdiction, no claim or cause of action shall arise, and no judgment, damages, penalties, costs or other money entitlement shall be awarded or assessed against the State or any public officer or employee, including the members of any board, commission or agency of the State, whether elected or appointed, and whether now or previously serving as such, in any civil suit or proceeding at law or in equity, or before any administrative tribunal, where the following elements are present:

(1) The act or omission complained of arose out of and in connection with the performance of an official duty requiring a determination of policy, the interpretation or enforcement of statutes, rules or regulations, the granting or withholding of publicly created or regulated entitlement or privilege or any other official duty involving the exercise of discretion on the part of the public officer, employee or member, or anyone over whom the public officer, employee or member shall have supervisory authority;

(2) The act or omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and

(3) The act or omission complained of was done without gross or wanton negligence;

*provided that the immunity of judges, the Attorney General and Deputy Attorneys General, and members of the General Assembly shall, as to all civil claims or causes of action founded upon an act or omission arising out of the performance of an official duty, be absolute; provided further that in any civil action or proceeding against the State or a public officer, employee or member of the State, the plaintiff shall have the burden of proving the absence of 1 or more of the elements of immunity as set forth in this section.* (Emphasis added.)

Section 4001 may be summarized in terms of three key provisions or concepts. First, judges, the Attorney General and Deputy Attorneys General and members of the General Assembly are absolutely immune from liability for civil claims founded upon an act or omission arising out of the performance of an official duty. Second, all other State officials have qualified immunity from liability in any civil suit or proceeding; that is, they are immune if the three criteria enumerated in the statute are satisfied. Third, the plaintiff has the burden of proving the absence of one or more of the criteria or elements of immunity. *See, Smith v. New Castle County Vocational Technical School Dist.,* 574 F.Supp. 813 (D.Del.1983).[3]

■ Applying § 4001 to the facts alleged in the complaint leads inexorably to the conclusion that all defendants are officially immune from liability for the claims being asserted here. The statute absolutely immunizes defendants Tease and Witsil from liability founded upon acts or omissions arising out of the performance of their official duties. The complaint clearly charges those defendants with acts and omissions arising out of the performance of

IV, § 7, *Del. Const.* The jurisdiction of the Court of Chancery relates to matters and causes in equity. Art. IV, § 10, *Del. Const.;* 10 *Del.C.* § 341. Injunctive relief is purely an equitable remedy. *Monroe Park v. Metropolitan Life Ins. Co.,* Del.Supr., 457 A.2d 734, 737 (1983).

3. Under § 4003, political subdivisions of the State (including school districts) and their officers and employees, are entitled to the same privileges and immunities as are provided for the State and its employees.

their official duties as judge and prosecutor, respectively.

The result that would obtain under federal law is fully consistent with the result mandated by § 4001. Under federal law, defendants Tease and Witsil are absolutely immune with respect to plaintiff's federal constitutional claims. In *Moore v. Oberly*, C.A. No. 84–256, Latchum, Senior Judge, Mem.Op. (D.Del., May 11, 1985), the plaintiff, there had been convicted by the Superior Court for failure to file Delaware state income tax returns. He then filed a civil action in Federal Court against thirty-nine public officials, including the Superior Court Judge who presided at the trial and the Attorney General and Deputy Attorney General who prosecuted the state criminal charges. In *Moore*, as in this case, the plaintiff alleged that the defendant officials had deprived him of his constitutional rights and sought compensatory and punitive damages. Senior Judge Latchum held that under well-established federal decisional law, a judge is absolutely immune from civil suits for conduct arising from his judicial acts except "where there is clearly no jurisdiction over the subject matter" involved;[4] and that the Superior Court judge had jurisdiction over the particular criminal matter before him. (Opinion, at p. 3). Here, too, Defendant Tease had jurisdiction over the matter for which the plaintiff here was convicted; indeed there is no allegation to the contrary. Judge Latchum further held that the Attorney General and Deputy Attorney General were absolutely immune from civil suits for alleged deprivation of an accused's civil or constitutional rights where they "acted within the scope of their duties in initiating and pursuing the criminal prosecution against the plaintiff."[5] (Op., p. 4). Here, too, defendant Witsil acted within the scope of his duty initiating and pursuing the criminal prosecution of the plaintiff.

 Defendant Haller's immunity, unlike that of defendants Tease and Witsil, is qualified rather than absolute. However, the plaintiff has the burden of proving the absence of one or more of the three elements of immunity. 10 *Del.C.* § 4001. On a motion to dismiss, this burden would require a plaintiff to allege specific circumstances that would support the absence of one or more of the three statutory criteria for immunity. *Shockley v. Haller*, Del. Super., C.A. No. 85C–SE13, Ridgely, J. (October 4, 1985). The complaint alleges no circumstances that would negate the existence of any of the three criteria enumerated in § 4001, *i.e.*, that the act or omission complained of (i) arose out of and in connection with the performance of an official duty; (ii) was done in good faith and in the belief that the public interest would best be served thereby, or (iii) was done without gross or wanton negligence. Accordingly, defendant Haller is also deemed to be officially immune from liability for the claims alleged in this civil action.

For the foregoing reasons, the defendants' motions to dismiss are granted.

IT IS SO ORDERED.

---

**4.** *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872); *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir.), *cert. denied*, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972).

**5.** *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Brawer v. Horowitz*, 535 F.2d 830 (3d Cir.1976).