Donald STANKOWSKI, Appellant

v.

Thomas F. FARLEY, Esq., P.D.; Raymond J. Tonkin, Assistant D.A.; Brian Davis, County Prob.; Craig Lowe, Warden; Prime Care Medical, Inc.;

Kathy Cronin, Jail Adm.; Hon. Joseph F. Kameen; Paul Theil, Prob./Parole (State); Lt. Williams (Female) Jail Adm.

No. 07–2792.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 12, 2007.

Filed: Oct. 24, 2007.

Donald Stankowski, Louisville, KY, pro se.

Before: AMBRO, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Donald Stankowski, *pro se*, appeals the District Court's order dismissing his civil rights complaint *sua sponte*. We will dismiss the appeal under 28 U.S.C. § 1915(e)(2).

Stankowski alleges in his complaint that the defendants violated his constitutional rights in the course of his guilty plea and his subsequent incarceration in Pike County, Pennsylvania. Stankowski's complaint arises under 42 U.S.C. § 1983. To state a claim under § 1983, Stankowski must allege that a person acting under color of state law deprived him of his constitutional rights. Stankowski names nine defendants: Thomas F. Farley, the public defender who represented him; Raymond J. Tonkin, the assistant district attorney who prosecuted him; Judge Joseph F. Kameen, the judge presiding over his criminal case; Brian Davis, the probation officer who prepared his presentence report; Paul Theil, the parole officer who allegedly denied him access to a rehabilitation facility; Craig Lowe, the prison warden; Kathy Cronin and Lt. Williams, the prison employees who allegedly violated his right of access to the courts while he was incarcerated; and Prime Care Medical, Inc., the company responsible for providing medical care in the prison, which allegedly employed negligent doctors and nurses.

On September 13, 2006, the magistrate judge issued a report and recommendation, recommending dismissal of Stankowski's complaint for failure to state a claim. On May 17, 2007, 487 F.Supp.2d 543, the District Court adopted the magistrate judge's report and recommendation and dismissed Stankowski's complaint with prejudice. Stankowski timely appealed the District Court's order.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Stankowski has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2). An appeal may be dismissed if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S.

319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ Stankowski alleges that Judge Kameen imposed an illegal sentence, failed to address Stankowski's motions, failed to state the plea agreement in open court, and failed to announce Stankowski's sentence in open court. Judges are immune from liability for damages for actions taken in performance of their duties pursuant to the doctrine of judicial immunity. *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir.1972); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Accordingly, Judge Kameen is immune from suit under § 1983 for the conduct alleged.

■ Defendant Davis, a probation officer, allegedly prepared a presentence report relying on privileged information and on Stankowski's prior "bad acts." Davis also allegedly pressured Stankowski to admit to prior unrelated offenses committed by other individuals and denied appellant an opportunity to review the presentence report. Quasi-judicial officers also enjoy judicial immunity, when they act pursuant to a court directive. *Robinson*, 462 F.2d at 113. A presentence report "assist[s] the judge in determining sentence." Pa. R.Crim. P. 702(3). Preparing the presentence report thus was a quasi-judicial function for which Davis is absolutely immune from suit. *See Dorman v. Higgins*, 821 F.2d 133, 136–37 (2d Cir.1987) (federal probation officers entitled to absolute immunity for preparation of presentence report because they act as "arm[s] of the court").

■ Defendant Tonkin, the Assistant District Attorney, allegedly denied appellant access to important documents "vital to the defense," and failed to honor the plea agreement, which appellant asserts he never received for review or comment.

Tonkin is immune pursuant to the doctrine of prosecutorial immunity because the misconduct alleged—namely, the initiation of a prosecution and negotiation of a plea agreement—is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

■ Stankowski alleges that defendant Farley, the public defender who represented appellant, mishandled appellant's case and deceived him regarding the content of the plea agreement. Among other misdeeds, Farley allegedly failed to investigate the facts of the case, assumed appellant's guilt, missed at least one court appearance and misled appellant to believe that he would receive a sentence no longer than 90 days. A public defender does not act "under color of state law" and is not liable under § 1983 when performing a lawyer's traditional functions. *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defenders typically oppose the State and therefore do not act "under color of state law"). Accordingly, Farley is not liable under § 1983 for the misconduct alleged.

■ Public defenders may be liable, however, for intentional misconduct if they conspire with state officials to deprive their clients of constitutional rights. *Tower v. Glover,* 467 U.S. 914, 923, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984). Stankowski alleges that Farley conspired with the other defendants to pressure him to plead guilty and to impose an excessive sentence. These defendants conferred at side bar during appellant's sentencing. However, Stankowski cannot show that his attorney acted under color of state law because he fails to allege adequately a claim for conspiracy under state or federal law.

■ Section 1985(3) prohibits conspiracies to deprive a "person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law. . . ." 42 U.S.C. § 1985(3).[1] The complaint fails to allege a claim under this provision because it fails to allege discrimination against a " 'specific, identifiable class of persons.' " *Farber v. City of Paterson,* 440 F.3d 131, 135 (3d Cir.2006) (quoting *Aulson v. Blanchard,* 83 F.3d 1, 5 (1st Cir.1996)).

■ Although not addressed by the District Court, the complaint also fails to state a claim for conspiracy under state law. Rule 8(a)(2), Fed.R.Civ.P., requires a "short and plain statement of a claim showing that the pleader is entitled to relief." Stankowski alleges merely that Farley, Tonkin and Judge Kameen conferred at side bar during his sentencing. This mere allegation does not show that Stankowski is "entitled to relief" for conspiracy. Accordingly, Stankowski cannot show that defendant Farley is a state actor subject to liability under § 1983.

■ Stankowski also fails to state a claim against any of the remaining defendants. Stankowski alleges that defendant Lowe is the warden of the prison, and therefore, responsible for supervising his staff members. There is no allegation that Lowe personally committed any constitutional violations. As explained by the District Court, *respondeat superior* liability is not available under § 1983. *Natale v. Camden County Corr. Facility,* 318 F.3d 575, 583 (3d Cir.2003). Accordingly, Lowe

---

1. Sections 1985(1)–(2) are inapplicable. Section 1985(1) prohibits conspiracies to prevent individuals from holding office or discharging official duties. Section 1985(2) prohibits conspiracies to prevent witnesses from testifying in court, injuring witness who have testified, or attempting to influence or injure grand or petit jurors. Appellant does not allege any conduct covered by these provisions.

is not liable for constitutional violations committed by prison employees he may have supervised.

■ Stankowski next alleges that Prime Medical's staff treated him negligently, and that Prime Medical is liable for the acts of its employees. Stankowski complains that a doctor employed by Prime Medical refused to admit him to the hospital when he experienced severe back pain, that the prison placed him in a cold segregation cell with a leaking sink when he continued to complain, and that nurses employed by Prime Medical refused to give him bandages for cuts on his hands unless he first consulted with a doctor. The District Court properly determined that Prime Medical is not liable for constitutional violations committed by its employees, unless Prime Medical has adopted a policy, practice or custom that caused the constitutional violations alleged. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see Woodward v. Corr. Med. Servs.*, 368 F.3d 917, 927 (7th Cir.2004). Stankowski has not alleged that Prime Medical adopted any policy, custom or practice that caused any constitutional violations. Even if we read the complaint to challenge the nurses' practice of not distributing bandages until the patient sees a doctor, Stankowski has not alleged that the practice caused an Eighth Amendment violation. As the District Court determined, cuts requiring no more than small bandages do not constitute "serious medical needs" covered by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Accordingly, Stankowski fails to state a claim against Prime Medical.

■ Stankowski also alleges that Cronin, a prison employee, charged him excessive fees for mailing his state court appeal, and that Lt. Williams denied him access to court documents necessary to his claims. An inmate claiming that prison officials have denied him access to the courts must show prejudice as a result of the officials' actions. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (doctrine of standing requires actual injury in claim for denial of access to the courts). Although Stankowski alleges that the excessive cost for mailing his appeal in state court caused his brief to be "left stagnant," and that his appeal is still pending, he has not alleged that the appeal was dismissed or denied. Similarly, Stankowski has not alleged prejudice as a result of his lack of access to various court documents. Therefore, Stankowski cannot prevail on his claims against Cronin and Williams.

■ Finally, Stankowski alleges that he was denied access to a rehabilitation facility approved by the State Parole Board, and that defendant Theil, a parole officer, concealed from Stankowski the real reason for the denial. Nothing in the complaint supports appellant's claim that any of the defendants violated his constitutional rights in connection with the decision regarding his eligibility for placement in a rehabilitation facility and the failure to apprise him of the reason for the decision. His conclusory allegation that Theil and Williams "conspired" to conceal the reason for the decision also fails to state a claim for conspiracy under state or federal law.

For the reasons stated above, we dismiss the complaint under 28 U.S.C. § 1915(e)(2).