**Darryl MILLS, Appellant**

v.

**CITY OF HARRISBURG; Stephen Blasko; Annemarie Bair; Levell Jenkins; Police Officer Jackson; Investigator Evans.**

**No. 09–1180.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 29, 2009.

Filed: Oct. 30, 2009.

---

Nathan C. Pringle, Jr., Esq., Harrisburg, PA, for Appellant.

David P. Karamessinis, Esq., Francis R. Gartner & Associates, Philadelphia, PA, for City of Harrisburg; Stephen Blasko; Annemarie Bair; Levell Jenkins; Police Officer Jackson; Investigator Evans.

Before: SLOVITER, FUENTES and HARDIMAN, Circuit Judges.

## OPINION OF THE COURT

HARDIMAN, Circuit Judge.

Daryl Mills appeals the District Court's grant of summary judgment in favor of the City of Harrisburg (City) and officers of the Harrisburg Police Department on his federal civil rights and pendent state law claims. We will affirm, largely for the reasons outlined in the District Court's thorough and cogent memorandum opinion.

## I.

Because we write for the parties, we recount only those facts necessary to our decision. On the evening of April 30, 2004, Officer Annemarie Bair, Investigator Stephen Blasko, and several other members of the Harrisburg Police Department were conducting an undercover prostitution "sting" near several bars in Harrisburg, Pennsylvania. The operation required Bair to pose as a female prostitute and wear a hidden microphone which enabled

Blasko, who was positioned nearby in a surveillance vehicle, to monitor her conversations with potential customers. From his location, Blasko could maintain visual contact with Bair.

Midway through her shift, Bair encountered Mills and his friend Phillip Brooks as they left a local bar and engaged them in a seven-minute conversation. Initially, Bair told the men that she was trying to "mak[e] some money." Mills responded: "how much you trying to work?" After learning that Mills had only seventeen dollars with him, Bair offered to perform oral sex on Mills for fifteen dollars. Mills—who had not yet expressly requested sexual services from Bair—declined this offer. Despite Mills's initial refusal, negotiations among the three continued, and both men subsequently arranged a deal whereby Mills and Brooks would pay Bair twenty-five dollars. In return, Bair agreed to perform oral sex on Mills while Brooks simultaneously performed oral sex on Bair. Mills confirmed this arrangement with Bair, stating: "You're going to give me head and he's going to give you head." When Brooks told Bair, "I'm gonna pay you," Mills interjected, "Right. And I'm going to pay you—while I'm paying you and he's going to pay you." Throughout their discussion with Bair, both Mills and Brooks openly discussed the exchange of money for various sexual services.

During the conversation, the microphone worn by Bair allowed Blasko and other Harrisburg police officers to monitor the situation from a nearby vehicle. Though Blasko could not determine which specific statements were attributable to which man, Bair's microphone did permit Blasko to hear two distinct male voices agree to exchange various sex acts for payment throughout the conversation. Additionally, Blasko was able to observe Bair speaking with the two men. At the conclusion of the negotiations, Blasko approached the group and placed both Mills and Brooks under arrest for patronizing a prostitute. *See* 18 Pa. Cons.Stat. § 5902(e).

The charges against both Mills and Brooks were subsequently dismissed by the district attorney following a preliminary hearing. Mills then filed suit pursuant to 42 U.S.C. § 1983, claiming that Bair, Blasko, and the City of Harrisburg violated his constitutional rights by unlawfully arresting and falsely imprisoning him. Mills further alleged the existence of a civil conspiracy to deprive him of his civil rights in violation of 42 U.S.C. § 1985(3) and also brought several related state law claims. Following discovery, the defendants moved for summary judgment, which the District Court granted. Mills now appeals and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

We exercise *de novo* review over the District Court's grant of summary judgment and view the facts in the light most favorable to the nonmoving party. *Kopec v. Tate*, 361 F.3d 772, 775 (3d Cir.2004).

## A.

The District Court's grant of summary judgment was based largely on a determination that no Fourth Amendment violation occurred because Mills's arrest was supported by probable cause. The principal argument now raised by Mills on appeal is that the officers lacked probable cause to arrest him because Blasko had no way to determine which man made which statements to Bair prior to Mills's arrest.

■ This argument might be persuasive if only one of the two men had propositioned Bair. Unfortunately for Mills, Officer Blasko heard *two* distinct male voices actively negotiating the exchange of money for a sexual act that involved participation

by both men.[1] Blasko also was able to confirm visually that Bair was, in fact, speaking with two men. Accordingly, it is immaterial that Blasko could not identify which man made which specific statements at the time of arrest because he had probable cause to believe that *both* were actively involved in soliciting sex from Bair. For that reason, the District Court correctly granted summary judgment on Mills's Fourth Amendment claim because the arrest of both Mills and Brooks was supported by probable cause.

### B.

■ Mills next contends that the District Court erred in dismissing his claims under 42 U.S.C. § 1983 alleging violations of his First, Fifth, and Fourteenth Amendment rights. As to his First Amendment claim, the record does not indicate that he was pursuing any activity protected thereunder at the time of his arrest. *See Roberts v. United States Jaycees,* 468 U.S. 609, 619–20, 622, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984) (outlining activities typically protected by the First Amendment). As for his Fourteenth Amendment claim, it is true that the absence of a Fourth Amendment violation is not necessarily fatal to Mills's equal protection claim if he can show that he was targeted by the defendants on the basis of his race. *Bradley v. United States,* 299 F.3d 197, 205 (3d Cir.

2002). Mills, however, cites no evidence that could support a finding that the defendants' actions in this case either had a discriminatory effect or were motivated by a discriminatory purpose. *See id.* (requiring plaintiff making "an equal protection claim in the profiling context" to demonstrate that the actions of law enforcement "(1) had a discriminatory effect and (2) were motivated by a discriminatory purpose."). His vague, unsupported assertion that the Harrisburg Police Department "targeted a black community as a matter of policy" cannot, without more, establish a violation of the Fourteenth Amendment's guarantee of equal protection. *Olympic Junior, Inc. v. David Crystal, Inc.,* 463 F.2d 1141, 1146 (3d Cir.1972) (noting that "Conclusory statements ... and factual allegations not based on personal knowledge" are "insufficient to avoid summary judgment."). Accordingly, we find no error in the District Court's grant of summary judgment on Mills's equal protection claim.[2]

### C.

■ Mills next contends that the District Court erred in granting summary judgment on his claims against Blasko and Bair under 42 U.S.C. § 1985(3), which imposes civil liability on individuals who conspire to deprive "any person ... of the equal protection of the laws, or of equal

---

1. Our determination that Mills's arrest was supported by probable cause is based in no part on the subsequent identification of Mills's voice on the recording by his wife because Officer Blasko was not privy to such information when he decided to make the arrest.

2. Mills also asks us to reverse the District Court's dismissal of his claim against the City of Harrisburg under § 1983. A municipality may be held liable under § 1983 for the actions of its employees and agents only when "the execution of [the municipality's] policy or custom ... inflicts the injury." *Monell v.*

*Dept. of Soc. Servs. of the City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Absent an underlying constitutional violation by an agent of the municipality, however, the municipality itself may not be held liable under § 1983. *Grazier ex rel. White v. City of Philadelphia,* 328 F.3d 120, 124 (3d Cir.2003). Because Mills suffered no violation of his constitutional rights, *see* Part II.A—B, *supra,* the District Court did not err in granting summary judgment on Mills's derivative § 1983 claims against the City. *See Sanford v. Stiles,* 456 F.3d 298, 314 (3d Cir. 2006).

privileges and immunities under the laws." 42 U.S.C. § 1985(3). To establish liability under § 1985(3), Mills was required to demonstrate that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [motivated] the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). As the District Court correctly observed, however, the record in this case is devoid of any indication that Blasko or Bair acted with discriminatory intent or otherwise targeted Mills and Brooks because of their race. Mills's conclusory allegation that Blasko and Bair conspired to "falsely arrest and convict black men without regard to the existence of probable cause" cannot withstand a motion for summary judgment. *See D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir.1992) (citing *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir.1972)). Further, to recover under § 1985(3), Mills was also required to demonstrate that he was "injured in his person or property or deprived of any right or privilege of a citizen of the United States" as a result of the officers' alleged conspiracy. *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir.2006). As discussed previously, Mills suffered no injury to his constitutional rights. *See* Part II.A–B, *supra*. Accordingly, the District Court did not err in granting summary judgment on Mills's claims under § 1985(3).

## D.

Finally, Mills seeks reversal of the District Court's grant of summary judgment on his several pendent state law claims. Because Mills's arrest was supported by probable cause, however, his claims for false arrest, false imprisonment, and malicious prosecution cannot survive under Pennsylvania law. *See Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (1994) (recognizing that an arrest based on probable cause cannot be the basis of a claim for false arrest/imprisonment); *Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir.1993) (noting that elements of malicious prosecution under Pennsylvania law require a plaintiff to show that legal proceedings were instituted without probable cause). Mills's claims for assault and battery must likewise fail because the existence of probable cause privileged both Blasko and Bair to use reasonable force to arrest Mills. *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Renk*, 641 A.2d at 293–94 (recognizing that police officers may use reasonable force to make a lawful arrest). And finally, nothing about the conduct of either Blasko or Bair in the present case could be characterized as sufficiently "extreme and outrageous" to support a claim for intentional infliction of emotional distress under Pennsylvania law. *See Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 754 (1998) (noting that the "conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.") (internal quotations omitted).[3] Accordingly, the District Court properly granted summary judgment on Mills's pendent state law claims.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

**3.** We also note that the Pennsylvania Supreme Court observed in *Taylor v. Albert Einstein Medical Center*, 562 Pa. 176, 754 A.2d 650 (2000), that it had "never expressly recognized a cause of action for intentional infliction of emotional distress." *Id.* at 652.